IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANGEL JAMES                                                                                    PLAINTIFF

vs.                                        Civil No. 6:16-cv-06114

NANCY A. BERRYHILL                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Angel James ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 11.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for SSI on February 26, 2013. (Tr. 12, 178-183). Plaintiff alleged she was disabled due to depression and anxiety. (Tr. 200). Plaintiff alleged an onset date of March 1, 2011, which was amended to February 26, 2013. (Tr. 12, 178). Plaintiff's application was denied initially and at the reconsideration level. (Tr. 12). Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on her application. (Tr. 125).

Plaintiff's hearing was held on January 22, 2015. (Tr. 30-69). Plaintiff was present and was represented by her attorney, Michael Angel, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, and had an eighth grade education. (Tr. 36).

On June 24, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 12-25). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 26, 2013. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had the severe impairments of degenerative hepatitis C infection, history of methamphetamine abuse, history of alcohol abuse, bipolar disorder, and obesity since 2007. (Tr. 14, Finding 2). The ALJ determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-24). First, the ALJ indicated evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found her claimed limitations were not totally credible. (Tr. 18). Second, the ALJ determined Plaintiff retained the RFC to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours in an eight-hour workday in intervals of 20 minutes; sit in intervals of 20 minutes for six hours in an eight-hour workday; and push and/or pull 10 pounds occasionally and less than 10 pounds frequently; could occasionally stoop, crouch, crawl, climb, balance, but should avoid stooping, crouching, crawling, climbing or balancing; the mental ability to understand, remember, and carry

2

out simple jobs instructions; make judgments in simple work-related situations; respond appropriately to coworkers/ supervisors with occasional incidental contact that is not necessary to perform the work; and respond appropriately to minor changes in usual work routine, and have no dealings with the general public. (Tr. 16-17, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not have any PRW. (Tr. 24, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 54-56). Based upon this testimony and considering her RFC, the ALJ determined Plaintiff retained the capacity to perform the following jobs: (1) production assembler with approximately 60,000 such jobs nationally and 1,000 in Arkansas, and (2) document preparer with approximately 60,000 such jobs nationally and 500 in Arkansas. (Tr. 24-25). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from February 26, 2013 through the date of the decision. (Tr. 25, Finding 10).

On July 20, 2015, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On September 26, 2016, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On November 4, 2016, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on April 7, 2017. ECF No. 11. Both parties have filed appeal briefs. ECF Nos. 19, 20. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 19 at 5-11. Specifically, Plaintiff claims the ALJ erred by improperly evaluating the opinions of Plaintiff's treating physicians and a consultative physician. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 20.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

5

The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours in an eight-hour workday in intervals of 20 minutes; sit in intervals of 20 minutes for six hours in an eight-hour workday; and push and/or pull 10 pounds occasionally and less than 10 pounds frequently; could occasionally stoop, crouch, crawl, climb, balance, but should avoid stooping, crouching, crawling, climbing or balancing; mental ability to understand, remember, and carry out simple jobs instructions; make judgments in simple work-related situations; respond appropriately to coworkers/ supervisors with occasional incidental contact that is not necessary to perform the work; and respond appropriately to minor changes in usual work routine, and have no dealings with the general public. (Tr. 16-17, Finding 4). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of her treating physicians. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record.

Social Security Regulations and case law state that a treating physician's opinion will be

granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ failed to properly consider and ignored the opinions of psychiatrist Dr. Charles Lewis. Plaintiff was seen by Dr. Lewis and at the Dayspring Behavioral Health Center on several occasions between January 2014 and December 2014. (Tr. 383-404). Plaintiff was diagnosed with Bipolar Disorder after the initial visit on January 14, 2014. (Tr. 388). On December 29, 2014, Dr. Lewis completed a Medical Source Statement which among other things, stated Plaintiff was markedly limited in her ability to respond appropriately to work pressures in a usual work setting. (Tr. 411-412). The ALJ failed to provide any analysis of these records.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons"

7

for discounting Dr. Lewis' findings. *See Brown,* 611 F.3d at 951-52. At the very least, if the ALJ found this record was unclear, ambiguous, or inconclusive, the ALJ should have re-contacted Dr. Lewis. 20 C.F.R. § 404.1512(e) (requiring the ALJ to re-contact the claimant's treating physician or psychologist or other medical source where the information the SSA receives from that source is inadequate to determine whether the claimant is disabled).

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Lewis. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Lewis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **7th day of December 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE